```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ELIZABETH LIGGON-REDDING, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 14-3139 (JBS/KMW) |
| VIRTUA VOORHEES, et al., | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

　　Plaintiff Elizabeth Liggon-Redding brought this action alleging medical malpractice and race-based discrimination claims against Defendants Virtua Voorhees hospital, Jane Doe Nurse, Lois Woodcock, Mary Eadline, and Social Workers. This matter comes before the Court on Plaintiff's Application to Proceed without Prepaying Fees or Costs. [Docket Item 1-1.] Because the application discloses that Plaintiff is indigent, the Court will permit Plaintiff's Complaint [Docket Item 1] to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915(a). Section 1915 requires the Court to preliminarily review complaints filed in forma pauperis. Plaintiff's Complaint [Docket Item 1] will be dismissed without prejudice for failure to plead a plausible claim for relief and for lack of subject matter jurisdiction. The Court finds as follows:

　　1.　Plaintiff alleges that, in 2013, she went to Virtua Voorhees Hospital Emergency Room complaining of chest pains.

(Compl. at 1.) She claims that healthcare providers failed to diagnose a total blockage of an artery. (Id.) On March 15, 2014, Plaintiff allegedly returned to the Virtua Voorhees Emergency Room complaining of stomach pain. (Id.) She claims that she was admitted, woke up in the ICU, and remained in the hospital for two weeks. (Id. at 2.) One of her doctors allegedly said that she should go to a rehabilitation facility when she was discharged. (Id.) She claims, "[t]he Social Worker said I could not go because she had told the rehab that I had a pending Landlord Tenant Matter and for that reason I could not go to a rehab." (Id.)[1] Plaintiff complained, submitted an appeal, and then "was threatened by a nurse that I could not wait for the outcome of my appeal if I did not leave she was going to call the Police and have me arrested for for [sic] trespassing she called a cab and threw me out of the hospital in the rain in hospital scrubs and thongs." (Id.) Plaintiff "had to have a second surgery which she feels she may not have had to have had she not been mistreated . . . ." (Id.) Plaintiff "beleives [sic] she was treated in this manner because of her race African-American." (Id.) Plaintiff asserts that, because she was mistreated twice, "this was not an accident they exhibited a pattern of mistrating [sic] minorities." (Id. at 3.) She seeks $2.5 million in damages.[2]

---

[1] Plaintiff's allegations are confusing and, as a result, the Court has simply quoted some passages in full.
[2] Plaintiff attached several documents to her complaint: an April 3, 2014 letter from Virtua's Senior Vice President responding to

2

2. Section 1915 requires the Court to preliminarily review each action filed in forma pauperis and to "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)).

3. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). If a complaint is vulnerable to dismissal, "a district court must permit a curative amendment,

---

her complaints and explaining that Medicare decided she did not meet inpatient criteria; a complaint letter that she submitted to Virtua; a blank intake form for the Podiatric Medicine office of Drs. Linda Barney St. Martin and Gregory K. Ng; and a blank HIPPA compliance form from the office of Drs. St. Martin and Ng. [Docket Item 1 at 5-13.]  This Court will not consider these documents because "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

4.   Plaintiff has not alleged a plausible discrimination claim. The Civil Rights Act of 1964 mandates that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). A hospital is a place of public accommodation. Cf. Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 116 (3d Cir. 1998) ("No party on appeal challenges the hospital's status as a place of public accommodation within the meaning of the ADA").

5.   Plaintiff has not pled any facts indicating that her alleged mistreatment at the hospital was due to her race. She stated her conclusion that it was caused by her race, but she gave no basis for that belief. Plaintiff asserts that, because she was allegedly given insufficient medical care twice, "this was not an accident they exhibited a pattern of mistrating [sic] minorities." (Id. at 3.) Also, Plaintiff does not claim she was denied admission and treatment in the hospital; indeed, she was an in-patient receiving intensive care for two weeks, according to her Complaint. Her disagreement is about the adequacy of her care, which is an issue of medical dimension, and not a denial of treatment in the hospital based on her race. "Factual allegations

4

must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It would be pure speculation to hold that the two incidents of alleged mistreatment, i.e. failing to diagnose an arterial blockage and failing to place her in a rehabilitation facility, allege a pattern of mistreating minorities. Plaintiff has not pled any facts, such as statements by healthcare providers, indicating that the alleged treatment failures were due to her race.

6. In addition, Plaintiff has not pled a plausible medical malpractice claim. "[A] plaintiff in a malpractice action must prove the applicable standard of care; that a deviation has occurred; and that the deviation proximately caused the injury." Verdicchio v. Ricca, 179 N.J. 1, 23 (citations omitted). Plaintiff's Complaint does not allege the applicable standard of care or that a deviation from that standard occurred. Plaintiff's Complaint must be dismissed for failure to plead plausible claims for relief.

7. This action must also be dismissed for lack of subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, "[t]he district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

8. Both types of jurisdiction are presently lacking. There is no diversity jurisdiction because this action is not a suit between citizens of different states. "To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants." Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). The Complaint notes that Plaintiff resides in Voorhees, New Jersey, and Virtua Hospital is in Voorhees, New Jersey.[3] (Compl. at 2-3.) There is not complete diversity because Plaintiff and Virtua Voorhees Hospital are citizens of the same state. Diversity jurisdiction is absent.

9. Original jurisdiction is also absent because Plaintiff has not alleged a plausible claim for relief under federal law. Plaintiff alleges two claims: medical malpractice and race-based discrimination. Medical practice claims do not arise under federal laws and, therefore, cannot be a basis for original jurisdiction. In other words, even if Plaintiff did plead a plausible medical

---

[3] "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c). The Court construes Plaintiff's statement that Virtua Voorhees Hospital is in Voorhees, New Jersey, as stating that Virtua Voorhees' principal place of business is in New Jersey.

malpractice claim, the Court will lack subject matter jurisdiction unless Plaintiff also pleads a plausible discrimination claim under federal law.

10. Plaintiff's Complaint will be dismissed without prejudice because Plaintiff may be able to submit an amended pleading that cures the deficiencies discussed herein. Plaintiff may file a motion for leave to file an Amended Complaint within thirty days, accompanied by the proposed Amended Complaint that attempts to cure these deficiencies.

11. The accompanying Order will be entered.


**June 6, 2014**                             **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge