IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH LIGGON-REDDING,<br><br>            Plaintiff,<br><br>     v.<br><br>VIRTUA VOORHEES, et al.,<br><br>            Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3139 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   This matter comes before the Court on Plaintiff Elizabeth Liggon-Redding's motions for leave to file an amended complaint and for appointment of counsel. [Docket Item 5.] Plaintiff brought medical malpractice and race-based discrimination claims against Defendants Virtua Voorhees hospital, Jane Doe Nurse, Lois Woodcock, Mary Eadline, and Social Workers. [Docket Item 1.] Following a preliminary review of Plaintiff's in forma pauperis Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court issued an Opinion and Order [Docket Items 2 & 3] dismissing Plaintiff's Complaint without prejudice for failure to plead a plausible claim and for lack of subject matter jurisdiction. Plaintiff now requests leave to file an Amended Complaint[1] to cure the deficiencies discussed in the Court's Opinion, or, in the alternative, appointment of pro bono counsel to help Plaintiff

---

[1] Plaintiff's Amended Complaint is attached to Plaintiff's motion for leave to file same. [Docket Item 5.]

cure the deficiencies. Because Plaintiff's Amended Complaint fails to state a plausible claim for relief and lacks subject matter jurisdiction, the Court will deny Plaintiff's motions for leave to file an Amended Complaint and for appointment of counsel and will dismiss Plaintiff's Complaint with prejudice. The Court finds as follows:

1.   Plaintiff's original Complaint alleged that, in 2013, she went to Virtua Voorhees Hospital Emergency Room complaining of chest pains. (Compl. at 1.) She claimed that healthcare providers failed to diagnose a blocked artery. (Id.) In March 2014, Plaintiff allegedly returned to the Virtua Voorhees Emergency Room, where she was admitted into the ICU and remained for two weeks. (Id. at 2.) One of her doctors allegedly said that she should go to a rehabilitation facility when she was discharged. (Id.) She claimed, "[t]he Social Worker said I could not go because she had told the rehab that I had a pending Landlord Tenant Matter and for that reason I could not go to a rehab." (Id.) She stated, "I complained to hospital personel [sic] and was told I could go home. I appealed that decision and was threatened by a nurse that I could not wait for the outcome of my appeal if I did not leave she was going to call the Police and have me arrested for for [sic] trespassing . . . ." (Id.) The nurse "threw [her] out of the hospital in the rain in hospital scrubs and thongs." (Id.) Plaintiff "had to have a second surgery which she feels she may not have had to have had she not been mistreated by

employees/personel [sic] at Virtua Voorhees." (Id.) Plaintiff "believe[d] [sic] she was treated in this manner because of her race African-American." (Id.)

    2.   Because Plaintiff's in forma pauperis application showed that she was indigent, the Court permitted her to file her Complaint without paying the filing fee. The Court then preliminarily reviewed her Complaint. The Court held that Plaintiff had not pled a plausible discrimination claim because "Plaintiff has not pled any facts indicating that her alleged mistreatment at the hospital was due to her race. She stated her conclusion that it was caused by her race, but she gave no basis for that belief." Liggon-Redding v. Virtua Voorhees, Civ. 14-3139 (JBS), 2014 WL 2571711, at *2 ¶ 5 (D.N.J. June 6, 2014) ("June 6, 2014 Opinion"). The Court also held that Plaintiff did not plead a plausible medical malpractice claim because her Complaint "d[id] not allege the applicable standard of care or that a deviation from that standard occurred," as medical malpractice law requires. Id. at *2 ¶ 6. In addition, the Court concluded that subject matter jurisdiction was absent because "this action is not a suit between citizens of different states" and because "Plaintiff has not alleged a plausible claim for relief under federal law." Id. at *3 ¶¶ 8-9. Plaintiff's original Complaint was dismissed without prejudice for failure to state a claim and lack of subject matter jurisdiction.

3. On June 13, 2014, Plaintiff filed a motion for leave to amend and for appointment of pro bono counsel. [Docket Item 5.] Plaintiff's Amended Complaint reiterates the facts alleged in her original, deficient Complaint by incorporating the factual summary set forth in the June 6, 2014 Opinion. She states: "Number one of MEMORANDUM OPINION explains exactly what happened to the Plaintiff . . . ." (Am. Compl. ¶ 1.) Plaintiff also brought additional factual allegations. She states "Plaintiff was allowed to stay in the hospital until her Appeal was answered and was thrown out and denied that right." (Id. ¶ 4.) Plaintiff alleges that Defendants violated the Civil Rights Act of 1964 when "she was denied the fulll [sic] and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations" and that she was "thrown out of the hospital in that matter becasue [sic] she was BLACK!" (Id. ¶ 4) (emphasis in original). She also wrote, "What Caucasion has been treated in a simlar [sic] manner?" (Id.)

4. Plaintiff describes her medical malpractice claim as a failure to diagnose. She alleges that "[i]t is a known fact that many do not take womens heart problems serious I had two strrkes [sic] against me I was a women [sic] and a Black women [sic] at that!" (Id. ¶ 5.) She alleges that Defendants "refused to do [a] test that would have shown that the Plaintiff had a Blocked Artery" and that this "clearly shows the deviation from the applicable standard of care." (Id. ¶ 6.)

4

5. Plaintiff further alleges that "[t]his action should not have been dismissed for lack of subject matter jurisdiction because of a P.O.Box [sic] address The Plaintiff does not reside in Voorhees NJ." (Id. ¶ 7.) Plaintiff states that as a "domestic violence survivor," she "has done everything in her power to hide where she actually lives." (Id.)

6. Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given, but "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.

7. Under the Rule 12(b)(6) standard, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quotation omitted). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,

5

556 U.S. 662, 678 (2009) (quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (quotations omitted).

8. The Court must determine whether Plaintiff's Amended Complaint meets this standard because complaints filed in forma pauperis must be screened and "the court shall dismiss the case at any time if the Court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

9. Plaintiff's Amended Complaint does not allege a plausible discrimination claim. The Court previously held that Plaintiff's original Complaint failed to plead any facts indicating that her alleged mistreatment at the hospital was due to her race. In her Amended Complaint, Plaintiff similarly fails to provide sufficient facts to maintain a claim. Plaintiff's Amended Complaint merely recites the applicable statutory language from the Civil Rights Act of 1964 and then states, in conclusory fashion, that "she was thrown out of the hospital in that manner becasue [sic] she was BLACK!" (Am. Comp. ¶ 4) (emphasis in original).

10. Her Amended Complaint lacks sufficient factual matter to present a plausible discrimination claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. The Civil

6

Rights Act of 1964 mandates that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). This statute precludes discrimination "on the ground of race." Plaintiff "bears the ultimate burden of persuading the jury that h[er] treatment was caused by purposeful or intentional discrimination." Massarsky v. Gen. Motors Corp., 706 F.2d 111, 117 (3d Cir. 1983). And, at the pleading stage, Plaintiff must plead facts indicating that she could sustain this burden. She has not done so. "'Simply stating that one endured race discrimination without presenting allegations suggestive of such conduct does not meet our pleading standards.'" Deserne v. Madlyn & Leonard Abramson Ctr. For Jewish Life, Inc., Civ. 10-03694, 2011 WL 605699, at *2 (E.D. Pa. Feb. 16, 2011) (quoting Funayama v. Nichia Am. Corp., Civ. No. 08-5599, 2009 WL 1437656 at *5 (E.D. Pa. May 21, 2009)).

    11.  Her conclusory assertion that the hospital's purportedly inadequate treatment was due to her race is insufficient, particularly because Plaintiff has acknowledged that she had received two weeks of treatment at the hospital. In another case involving discrimination in a hospital, the Eastern District of New York held that the plaintiff's conclusory allegations were

7

insufficient, particularly because there was a history of providing treatment:

> Beyond plaintiff's conclusory allegation that defendants discriminated against him, plaintiff does not allege a single fact that would nudge[] [his] claims across the line from conceivable to plausible. . . . For example, plaintiff does not allege that any other individuals who were not of plaintiff's protected class, . . . were given a different medication regimen . . . or accepted into the aftercare unit for treatment. In addition, plaintiff alleges no facts such as comments or actions that would support a discriminatory motive. Finally, at least with regards to the refusal to accept plaintiff back into the aftercare unit after his hospitalization, it is not plausible that after over a decade of treating plaintiff, defendants decided to deny him treatment after the March 30, 2011 incident because of his race, color, creed, or disability.

Goonewardena v. N. Shore Long Island Jewish Health Sys., Civ. 11-2456, 2012 WL 7802351, at *9 (E.D.N.Y. Nov. 5, 2012) (citations omitted). While the plaintiff in Goonewardena had a longer history of treatment than Plaintiff Liggon-Redding discloses in her Amended Complaint, the same principle applies: Plaintiff failed to plead any facts indicating that, after two weeks of ICU treatment, hospital employees began discriminating against her because of her race.

  12. Plaintiff questions whether Caucasians have experienced the same treatment that she has experienced, but her conclusory allegations are insufficient. She does not claim that Caucasians were treated more favorably in similar circumstances, let alone present factual grounds for such an allegation of disparate treatment based on race. "The plaintiff in a disparate treatment

8

case must prove as an integral part of his or her case not only the existence of disparate treatment but also that such treatment was caused by purposeful or intentional discrimination." Smithers v. Bailar, 629 F.2d 892, 898 (3d Cir. 1980). Plaintiff has not pled facts that would support a disparate treatment claim. In other words, "Plaintiff has not identified any statement, action, or circumstance where Plaintiff was treated differently because of h[er] protected status. Plaintiff has also not established any causal link between Plaintiff's alleged discriminatory treatment and Plaintiff's race, national origin or religion." Varol v. Pave-Rite, Inc., Civ. 11-422 (PGS), 2011 WL 6012964, at *3 (D.N.J. Nov. 30, 2011).

    13.   Other cases from this Circuit have affirmed that conclusory allegations of racial discrimination do not satisfy the 12(b)(6) standard. E.g., Pierre v. Beebe Hosp./Med. Ctr., --- F. Supp. 2d ---, Civ. 13-2102, 2014 WL 1761164, at *2 (D. Del. Apr. 29, 2014) (dismissing complaint because allegations that Plaintiff was "wrongfully terminated on an unnamed date by reason of race" and that a defendant "called him names" are "conclusory"); Kiniropoulos v. Northampton Cnty. Child Welfare Serv., 917 F. Supp. 2d 377, 389 (E.D. Pa. 2013) ("Plaintiff's bare bones allegations cannot survive a 12(b)(6) motion. Plaintiff merely alleges that he was born in Greece; he was qualified for the position . . .; he was discriminated on the basis of national origin; and the Defendant blatantly treated employees born in the

9

United States more favorably. The Amended Complaint makes no indication of how Defendant treated United States citizens more favorably nor does it state any facts other than those conclusory allegations noted above.") (citations omitted); Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh, Civ. 09-1548, 2010 WL 4668469, at *6 (W.D. Pa. Nov. 9, 2010) ("Plaintiff's claims for race discrimination . . . are not supported by the allegations of the Complaint. . . . Plaintiff must plead more than conclusory allegations in order to survive a motion to dismiss. Plaintiff's complaint does not include a single, non-conclusory allegation relating to race discrimination."). Plaintiff failed to support her race discrimination claim with factual allegations of denial of hospital services based upon her being black and that similarly-situated white patients are treated more favorably due to their race. Her discrimination claim will be dismissed with prejudice.

  14. In addition, Plaintiff's Amended Complaint does not plead a plausible medical malpractice claim. The Court previously held that Plaintiff's original medical malpractice claim was deficient because it did not allege the applicable standard of care or that a deviation from that standard had occurred. Liggon-Redding, 2014 WL 2571711, at *2 (quoting Verdicchio v. Ricca, 179 N.J. 1, 23 (2004) (holding that a plaintiff in a malpractice action must prove the applicable standard of care, that a

10

Case 1:14-cv-03139-JBS-KMW   Document 6   Filed 08/07/14   Page 11 of 14 PageID: 49

deviation from that standard occurred, and that the deviation proximately caused the plaintiff's alleged injury)).

15. Plaintiff's Amended Complaint similarly fails to allege the required elements of a medical malpractice claim. Plaintiff alleges that the Defendants' failure to conduct a test to diagnose a blocked artery "clearly shows the deviation from the applicable standard of care," and that "FAILURE TO DIAGNOSE is a Plausible CLaim [sic]." (Am. Compl. ¶ 6.) (emphasis in original). Plaintiff's allegations are simply legal conclusions. She does not plead facts showing that this particular test was within the applicable standard of care and that her medical care deviated therefrom. Her Amended Complaint does not contain sufficient factual matter to present a plausible claim for medical malpractice.

16. This action must also be dismissed for lack of subject matter jurisdiction over Plaintiff's malpractice claim. The Court previously held that Plaintiff's original Complaint lacked both diversity and federal question jurisdiction. Plaintiff's Amended Complaint brings the same claims against the same Defendants in the original Complaint.  Thus, the action is still a suit between citizens of the same state and lacks diversity jurisdiction. Defendant Virtua Voorhees has its principal place of business in Voorhees, NJ. Plaintiff argues that she does not actually reside in Voorhees, NJ, and that Voorhees is simply the location of her P.O. Box. This allegation does not establish diversity

jurisdiction. Diversity jurisdiction requires that "no plaintiff can be a citizen of the same state as any of the defendants." Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Plaintiff has simply alleged that she does not live in Voorhees, not that she lives in a state other than New Jersey. Furthermore, the Court notes that the postmark on the envelope in which Plaintiff sent her motion to amend is from "SOUTH JERSEY NJ." [Docket Item 5 at 6.] While a postmark does not establish citizenship, it supports the inference that Plaintiff is a citizen of New Jersey, particularly when there is no indication that she is a citizen of another state.

17. As to her medical malpractice claim, Plaintiff bears the burden of establishing subject matter jurisdiction by showing that the parties are citizens of different states. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion."). Plaintiff has not sustained this burden.

18. Plaintiff's motion for leave to amend must be denied because the Amended Complaint fails to plead plausible claims for relief and fails to cure the deficiencies of the original Complaint. The Court previously identified these deficiencies and gave Plaintiff an opportunity to cure them. Plaintiff has, again, failed to plead plausible claims for relief in non-conclusory terms, and, therefore, further amendment would be futile. Because

12

amendment would be futile, Plaintiff's Amended Complaint is dismissed with prejudice.

19.   In the alternative, Plaintiff asks the Court to appoint pro bono counsel to represent her in this action. The Court will deny Plaintiff's motion because Plaintiff does not meet the standard for appointing pro bono counsel. Pursuant to 28 U.S.C. § 1915(e)(1), courts may request an attorney to represent any person unable to afford counsel. When considering whether to appoint pro bono counsel, the Court must determine, "as a preliminary matter," whether Plaintiff's claims "have some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citation omitted). Because Plaintiff failed to state a plausible claim, Plaintiff's claims accordingly lack merit. See Gunson v. James, 364 F. Supp. 2d 455, 467 (D.N.J. 2005) ("because the Court has already assessed the merits of Plaintiff's [claims] and determined that all of his claims cannot survive Defendants' motions for summary judgment, Plaintiff's motion to appoint counsel must be denied"). Plaintiff also has the ability to represent herself, including expressing herself, filing papers, and making arguments. Thus, the Court will deny Plaintiff's request for pro bono counsel.

20.   Plaintiff has failed to cure the deficiencies in her original Complaint, which the Court outlined in its June 6, 2014 Opinion.  Accordingly, the Court will deny Plaintiff's motions for leave to file an amended complaint and for appointment of counsel

and will dismiss Plaintiff's Amended Complaint with prejudice. An accompanying order will be entered.

| | |
|---|---|
| **August 7, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |

14