UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 14-3629

---

ELIZABETH LIGGON-REDDING,
Appellant

v.

VIRTUA VOORHEES; JANE DOE NURSE; LOIS WOODCOCK; MARY EADLINE; SOCIAL WORKERS, et al.

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-03139)
District Judge: Honorable Jerome B. Simandle

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2015

Before: AMBRO, VANASKIE and SLOVITER, Circuit Judges

**JUDGMENT**

This cause came to be considered on the record from the United States District Court for the District of New Jersey and was submitted pursuant to Third Circuit LAR 34.1(a) on March 18, 2015. On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the judgment of the District Court entered August 7, 2014, be and the same is hereby affirmed. Costs will not be taxed. All of the above in accordance with the opinion of this Court.

ATTEST:

s/ Marcia M. Waldron
Clerk

Dated: March 19, 2015

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT SEAL

**Certified as a true copy and issued in lieu of a formal mandate on** April 10, 2015

**Teste:** Marcia M. Waldron
**Clerk, U.S. Court of Appeals for the Third Circuit**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 14-3629

---

ELIZABETH LIGGON-REDDING,
Appellant

v.

VIRTUA VOORHEES; JANE DOE NURSE; LOIS WOODCOCK; MARY EADLINE; SOCIAL WORKERS, et al.

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-03139)
District Judge: Honorable Jerome B. Simandle

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2015

Before: AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed March 19, 2015)

---

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Elizabeth Liggon-Reading is a frequent pro se litigant. In this case, she filed suit pro se against the Virtua Voorhees hospital in Voorhees, New Jersey, and several of its apparent employees. In her complaint, Liggon-Redding alleged that defendants committed medical malpractice by failing to diagnose a blocked artery in her heart, which required her to return to the hospital and receive intensive care for approximately two weeks. Liggon-Redding also appeared to allege that defendants discharged her to her home, instead of to a rehabilitation facility as directed by a doctor, and that a nurse ultimately “threw her out” and threatened to have her arrested for trespassing. Liggon-Redding claimed that defendants mistreated her because she is African-American.

The District Court granted Liggon-Redding leave to proceed in forma pauperis then dismissed her complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because, inter alia, she failed to state plausible claims for relief under the Civil Rights Act of 1964 or for professional negligence under New Jersey law. In particular, the District Court concluded that Liggon-Redding pleaded only conclusory assertions of racial discrimination and negligence and failed to plead any facts suggesting plausible claims.

Liggon-Redding later moved for leave to file an amended complaint, which attached a proposed amended complaint, and for appointment of counsel. Liggon-Redding’s proposed amended complaint did not cure the deficiencies identified in the

District Court's initial opinion, so the District Court denied her proposed amendment as futile, denied appointment of counsel, and dismissed her complaint with prejudice. Liggon-Redding appeals, and we have jurisdiction under 28 U.S.C. § 1291.[1]

We will affirm. We agree with the District Court that, for the reasons that it thoroughly and adequately explained, Liggon-Redding's complaint does not state a plausible claim for relief and that her proposed amended complaint does not cure those deficiencies. Liggon-Redding pleaded little more than conclusory assertions that do not state a plausible claim for either discrimination or malpractice, and her brief on appeal does little more than repeat those conclusory assertions. She argues, for example, that the District Court "insisted that Failure to Diagnose was Not Malpractice, when it was and is." (Appellant's Br. at 2.) The District Court, however, properly concluded only that Liggon-Redding pleaded nothing suggesting that the alleged failure to diagnose constituted malpractice in this case. Liggon-Redding also asserts that the District Judge was biased against her, but she has provided no support for that assertion and we discern none. Finally, because Liggon-Redding's filings do not suggest that her claims have potential merit, the District Court acted within its discretion in denying her motion for appointment of counsel on that basis. See Tabron, 6 F.3d at 155.

---

[1] Our review of a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). We review for abuse of discretion both the District Court's denial of leave to amend, see Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014), and its denial of a motion for counsel, see Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

For these reasons, we will affirm the judgment of the District Court.[2]

[2] In reviewing Liggon-Redding's initial complaint, the District Court declined to consider documents attached thereto. Documents attached to a complaint may properly be considered at the pleading stage, see Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011), but the District Court's refusal to consider them was harmless because we have done so and they do not provide further support for Liggon-Redding's claims.

OFFICE OF THE CLERK

**MARCIA M. WALDRON**
**CLERK**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



April 10, 2015

Mr. William T. Walsh
United States District Court for the District of New Jersey
Mitchell H. Cohen United States Courthouse
1 John F. Gerry Plaza
Room 1050
Camden, NJ 08101

RE: Elizabeth Liggon-Redding v. Virtua Voorhees, et al
Case Number: 14-3629
District Case Number: 1-14-cv-03139

Dear District Court Clerk,

Enclosed herewith is the certified judgment together with copy of the opinion or certified copy of the order in the above-captioned case(s). The certified judgment or order is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment or order is also enclosed showing costs taxed, if any.

Very truly yours,

*Marcia M. Waldron*
Marcia M. Waldron, Clerk

By: Cara/cnd
267-299-4210

cc: Elizabeth Liggon-Redding